**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Jose Morales PALACIOS,**
**Defendant—Appellee.**

No. 02–30205.

D.C. No. CR–02–00061–JAR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2003.

Decided July 31, 2003.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

The government appeals the district court's order suppressing evidence in this criminal case involving a prolonged traffic stop. We affirm.

The facts of this case are familiar to the parties and we recite them here only to the extent necessary. Oregon State Trooper Leslie Kipper pulled over appellee, Jose Morales Palacios, for speeding along Interstate 84 in Wasco County, Oregon. The legality of the initial stop and the absence of reasonable suspicion for any criminal activity are undisputed. After he was issued a traffic ticket, Palacios initi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ated a few questions about the proper disposition of the ticket. Kipper first answered these questions and then asked Palacios whether he had "anything in the van [Kipper needed] to be concerned about," including weapons and drugs. When Palacios answered in the negative, Kipper requested consent to search the van, stating: "It's a little suspicious that you're traveling such a long distance with only such a small bag." Palacios consented and Kipper discovered methamphetamine in the vehicle.

Our holding in *United States v. Chavez–Valenzuela*, 268 F.3d 719 (9th Cir.2001), *amended by* 279 F.3d 1062 (2002), controls the disposition of this case. In *Chavez–Valenzuela*, we held that an officer's inquiry about suspected criminal activity illegally prolonged a valid traffic stop because, considering the totality of the circumstances, "a reasonable motorist—even with license and registration in hand—most likely would not have believed he could disregard the officer's inquiry and end the conversation." *Id.* at 725. The prolonged detention in this case is materially similar, if not more egregious. The videotape of the traffic stop reveals that at all times during the questioning, Kipper was standing so close to the vehicle that a reasonable person would not have driven away for fear of physically harming the officer. This fact, taken together with the accusatory questioning, supports our conclusion that the traffic stop did not become a consensual encounter.

Because the drugs, as well as Palacios' later inculpatory statements, are fruits of the illegal seizure, the district court correctly ruled that they must be suppressed.

AFFIRMED.